# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 22-7124**　　　　　　　　　　　　**September Term, 2022**

**1:21-cv-01483-CKK**

**Filed On:** May 8, 2023

Ante Ljubicic,

　　　　　Appellant

　　v.

International Brotherhood of Electrical
Workers,

　　　　　Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**　　Millett, Wilkins, and Katsas, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order granting summary judgment be affirmed. Appellant has forfeited any argument regarding his fraudulent misrepresentation claim by failing to raise it in his briefs. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived."). Regarding his claim under the Employee Retirement Income Security Act ("ERISA"), appellant has not demonstrated that the district court erred in concluding that the denial of his application for pension benefits was the result of a deliberate and reasoned process and supported by substantial evidence. See Marcin v. Reliance Standard Life Ins. Co., 861 F.3d 254, 262 (D.C. Cir. 2017). The employee benefit plan satisfied its requirement under ERISA to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied . . . [and to] afford a reasonable opportunity . . . for a full and fair review." 29 U.S.C. § 1133(1)–(2). Further, the benefit plan trustees reasonably determined that appellant was engaged in work that disqualified him from a pension. And although appellant argues that the district court should have considered materials that were not provided to the benefit plan trustees before they rendered their decision, courts "review ERISA-plan benefit decisions on the evidence presented to the

plan administrators, not on a record later made in another forum." Block v. Pitney Bowes Inc., 952 F.2d 1450, 1455 (D.C. Cir. 1992).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**